[S. F. No. 7261. In Bank.—March 27, 1918.]

## GEORGE M. DAWES, Appellant, v. HELENA M. TUCKER, Sr., et al., Respondents.

Trust Deed — Foreclosure — Action to Set Aside Trustee's Sale — Error of Recorder in Recording Trust Deed — Publication of Notice of Sale.—Where a deed of trust, executed as security for a debt, required that in case of a foreclosure sale by the trustee for

default, notice of such sale should be published "at least *once* a week for three successive weeks," but, through an error in transcribing in the recorder's office, it was made to read that the notice should be published "at least *twice* a week," etc., and after default the trustees sold after a publication of *"once* a week," etc., in accordance with the terms of the instrument and not *"twice* a week" as apparently required by the recorded transcription, one who had purchased from the makers of the trust deed before the foreclosure could not succeed in an action to set aside the foreclosure sale and deed to a purchaser thereunder, in the absence of any showing that he ever saw the recorded copy of the trust deed or any abstract thereof, or inquired into the contents thereof in making his purchase of the property, or relied upon the record, or upon the legal fiction of his constructive notice of its contents in making such purchase.

ID.—EQUITABLE RELIEF—ACTUAL INJURY.—To entitle the plaintiff to equitable relief from a trustee's sale in such a case, the plaintiff must show some actual injury sustained by him through having relied on and having been misled by the record of the trust deed.

ID.—IMMATERIAL ERROR IN RECORDED COPY.—In such case the error of the recorder was not of such consequence as to render the recordation of the instrument void, and the purchaser, having constructive notice from the record of such essential particulars as the names of the parties, the designation of the debt secured, the description of the property, and a general definition of the rights and duties of the trustees, did not stand in the position of one who had purchased property upon which there was an unrecorded encumbrance of which he had no notice.

ID.—INVESTIGATION OF RECORD—PRESUMPTION.—In such case the plaintiff is not entitled to the presumption arising from his constructive notice of the record, that he did investigate the record and did in fact rely upon it.

APPEAL from a judgment of the Superior Court of Alameda County.   N. D. Arnot, Judge.

The facts are stated in the opinion of the court.

Keyes & Martin, and Leon Martin, for Appellant.

A. F. St. Sure, J. Leonard Rose, McKee & Tasheira, and H. L. Breed, for Respondents.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in favor of the defendants in an action brought by the plaintiff to have set aside a sale of certain premises under a trust deed executed by the plaintiff's grantor, and to compel

a conveyance of the premises to plaintiff free from the operation and effect of the trustees' deed issued pursuant to such sale and all subsequent deeds and mortgages executed by the purchaser at said sale and his successors to the title acquired thereby. The cause was submitted to the trial court for decision upon an agreed statement of facts, which may be briefly summarized as follows: On May 1, 1906, Mary Polk DuBose was the owner of the premises affected by this action. On that day she executed a deed of trust thereon in favor of Helena M. Tucker, Sr., with Emily F. Tucker and Helena M. Tucker, Jr., as the trustees named therein, for the purpose of securing an indebtedness of the grantor to said Helena M. Tucker, Sr., in the sum of two thousand five hundred dollars, evidenced by a promissory note for said sum. The trust deed contained the provision that in case of default on the part of the maker of said note the trustees were empowered to sell the property described in said trust deed, provided that before such sale they should first publish a notice of the time and place thereof with a description of the property to be sold "at least once a week for three successive weeks, in some newspaper published in the town of Berkeley." This deed of trust was filed for record with the county recorder of Alameda County and was recorded on May 7, 1906. The recorder, however, in attempting to copy said trust deed in his proper book of records, made a mistake in transcribing the above-quoted sentence in said deed, so as to make it read that the notice of trustees' sale should be published "at least twice a week," etc. It was this error which gave rise to this action. On April 25, 1907, Mary Polk DuBose, for a sufficient consideration, sold and conveyed the premises covered by said trust deed to George M. Dawes, the plaintiff and appellant herein. By the terms of said conveyance the said property was sold subject to said trust deed, with express reference therein to the date and place of its record and to the amount of the promissory note which it had been given to secure. Default was made in the payment of the principal and interest due on said note, and thereafter and shortly before June 5, 1908, a demand was made upon said Dawes for the payment thereof, and he was notified that if such payment was not made, the premises would be sold by said trustees to satisfy said indebtedness. Such payment not having been made, the trustees, on June 5, 1908, began

the publication of a notice of the sale of said premises under said trust deed in a Berkeley newspaper, and thereafter published the same once a week for three consecutive weeks prior to the twenty-ninth day of June, 1908, the date fixed for said sale; and on said last-named day sold the said property to M. S. McQuarrie, one of the defendants herein, for the sum of two thousand seven hundred dollars, and on the seventh day of July, 1908, executed to said McQuarrie their trustees' deed for the same, which was duly recorded on the following day; whereupon the said M. S. McQuarrie took possession of the premises so conveyed to him. On July 27, 1908, defendants M. S. McQuarrie and Margaret McQuarrie made, executed, and delivered to Isabel De Lancey a grant deed to said premises, which was also duly recorded. On August 12, 1908, the said Isabel De Lancey and her husband John S. De Lancey, also made defendants herein, made, executed, and delivered a deed of trust covering said premises to secure the payment of the sum of two thousand five hundred dollars to the Bankers Trust Company of Oakland, said deed being duly recorded, and on August 18, 1908, the said defendants, Isabel De Lancey and John S. De Lancey, conveyed the premises by a deed of grant to Jennie P. Stover, also one of the defendants herein. On October 8, 1908, the plaintiff herein tendered to Helena M. Tucker, Sr., and to her said trustees under said first named deed of trust, the entire amount due to said date upon the promissory note secured thereby, and thereupon demanded a reconveyance to him of the premises in question, which tender and demand were refused by the said Helena M. Tucker, Sr., and also by her said trustees. Shortly thereafter the plaintiff commenced this action. In his second and supplemental complaint filed herein the plaintiff sets forth in the main the facts above summarized, and in addition thereto alleges that prior to the commencement of the action he never saw the original of the said trust deed to the trustees of Helena M. Tucker, Sr., and had no knowledge or information, either actual or constructive, as to the contents and provisions thereof except as the same appeared and were set forth in the record thereof; and that the said plaintiff in the purchase of said premises and at all times thereafter in all matters relating thereto "did rely implicitly and absolutely upon said record of said deed of trust, and did at all times until

CLXXVIII Cal.—4

long after said sale of said premises to M. S. McQuarrie fully believe that said record of said trust deed in all things and particulars correctly set forth the exact terms and provisions of said original trust deed.'' The plaintiff also alleged in substance that the said M. S. McQuarrie and all other purchasers and encumbrancers subsequent to said trustees' deed were not purchasers or encumbrancers in good faith, for value and without notice of the plaintiff's equities as set forth in his complaint. His prayer was that the trustees under said original trust deed be ordered and directed to convey the premises to him, and that the conveyance by them to M. S. McQuarrie and all subsequent transfers and encumbrances made by said McQuarrie or his grantees or successors in interest be declared void, and that all such persons be declared to have no right, title, or interest in said premises, and that the said plaintiff do have and recover damages in the sum of three thousand dollars from all of said defendants for the detention of said property, and for such other and further relief as may be proper in the premises, and for costs of suit. The defendants, while admitting in their answers the facts averred by the plaintiff, which are matters of record, deny that the plaintiff ever or at all relied upon the record of said trust deed in his purchase of said premises, or believed that said record thereof correctly set forth the terms and provisions of the original trust deed, and they further deny that said M. S. McQuarrie and his subsequent purchasers and encumbrancers were not innocent purchasers without notice of the plaintiff's asserted equities. Upon the trial of the cause the parties stipulated as to the facts of the case upon which the findings of the court should be made, expressly reserving therein their respective objections to the introduction and relevancy in evidence of the several instruments upon which the respective parties relied. The court admitted all such instruments in evidence, subject to said objections, and made its findings of fact accordingly, disposing of said objections by the form and scope of its judgment, which it rendered in the defendants' favor.

It is to be noted that neither in the stipulation of the parties as to the facts of the case nor in the findings of the court made thereon is there to be found any statement or finding in support of the averment of the plaintiff's complaint to the effect that he relied upon the terms and provisions of

the record of the said trust deed from Mary Polk DuBose to the trustees of Helena M. Tucker, Sr., in making his purchase of the premises, or at any later time; nor is there any statement in either the stipulation of the parties or the findings of the court that the plaintiff ever actually saw said record or ever had any knowledge of the contents thereof other than that given by the reference thereto in his own conveyance, or other than that imparted by the naked constructive notice thereof arising from the fact of such record. Such being the state of the agreed facts and findings herein, it is plain that the plaintiff depended at the trial of the cause for his right of recovery therein, and must here depend for his right to a reversal of the judgment, solely upon his constructive notice of the terms and provisions of the record of said original trust deed, without any proof or showing on his part of any actual knowledge of the contents of said record, or of any actual reliance thereon at the time of his purchase of the premises, or at all. This presents the sole question necessary to be determined upon this appeal.

There can be no quarrel with the cases cited by the appellant herein, dealing historically with the subject of constructive notice imparted by the recordation of instruments conveying title to real property and declaring the full right of purchasers or encumbrancers of such property to rely thereon. We are in full accord with the principles enunciated in these cases. But the difficulty herein consists in their application to the facts of the case at bar as these are set forth in the stipulation of the parties and in the findings of the court. The plaintiff herein comes into a court of equity seeking relief from the effect of a trustees' sale of the premises to which he claims title, under the precise terms of an original trust deed covering the same, and executed prior to the time when he acquired whatever title or equity in the said premises remained in the maker of said trust deed. In order to obtain such equitable relief the plaintiff must have been able to show some actual injury sustained by him through the said action of such trustees in the proper exercise of their trust, and this injury could only have arisen out of the fact, if it be the fact, that the plaintiff had relied upon said record in making his purchase of the premises and in respect to the trustees' sale thereof, and had been misled as to the terms and conditions contained in said original

trust deed by the mistake of the recorder in erroneously inserting in his record of the same the single word upon which the plaintiff rests his case. In order for the plaintiff to recover in such a case by proof that he had been thus misled, he must have been actually and not merely constructively misled, for no person can be misled to his injury in a transaction by any fact or circumstance upon which he placed no reliance in entering into such transaction. In the stipulation of the parties hereto as to the facts upon which the findings and judgment of the trial court are predicated there is no showing or even suggestion that the plaintiff ever saw the recorded copy of the trust deed in question or any abstract thereof, or ever knew or inquired as to the contents thereof in making his purchase of the property, and there is no statement or suggestion that the said plaintiff did in fact actually rely either upon said record or upon the legal fiction of his constructive notice of its contents in making said purchase, or at any time thereafter, or at all. In the absence of such a showing he has not made out his case.

The plaintiff, however, insists that the record of the original deed is void and of no effect, because it is not a true copy thereof, but only a purported copy of an instrument which had no existence in fact, and that he therefore stands in the position of one who has purchased property upon which there was an unrecorded encumbrance of which he had no notice. We do not think, however, that the error of the recorder in the instant case was of such consequence as to render the recordation of the instrument in respect to which it happened entirely and utterly void. In all such essential particulars as the names of the parties, the designation of the debt secured, the description of the property, the general definition of the rights of the parties and duties of the trustees, the record truly transcribes the original trust deed, and it was therefore sufficient in these respects to give notice to intending purchasers or later encumbrancers of the existence and terms of said trust deed. It cannot, therefore, be held to be void as a record of a nonexistent original which the plaintiff was entitled wholly to disregard. In some respects at least the trust deed as originally written and as recorded required the plaintiff as a subsequent grantee of the premises to look behind the record and to the original documents to ascertain certain vital facts affecting his purchase of the

premises; as, for instance, the trust deed does not set forth the terms of the promissory note which it secures, either as to the amount of interest it bears or the time of payment thereof. It would have been the duty, therefore, of the plaintiff, for his own protection, to have inquired as to the contents of the original documents in respect to these matters; and it may be plausibly argued that his duty to thus ascertain the time when the indebtedness would fall due would also require him to inform himself by reference to the original documents as to the penalties which would follow upon the default of either his grantor or himself in the payment of the obligation thus secured. It is not necessary, however, to press the inquiry thus far, for the reason that the stipulated facts of the case fail to disclose that the plaintiff went either to the record or to the original documents to inform himself as to any of these matters, but rests his entire case upon the naked fiction of his constructive notice of the terms of the instrument as recorded, without proof or finding that he ever in fact relied thereon. The appellant urges, however, that notwithstanding the absence of any showing in the stipulated facts of the case that plaintiff knew anything of the record or that he relied thereon in his purchase of the property in question, or thereafter, he is entitled to the presumption arising from his constructive notice thereof that he did in fact investigate the record and did in fact rely upon it, for since, as he argues, the law holds that as against a party he is presumed to have known such facts as, being put upon inquiry, he would reasonably have discovered, the like presumption operates in his favor. The argument is plausible but is a sophistry. The reason for the creation of such a presumption against a party put upon inquiry as to any fact is that due diligence is required of all persons concerned in a transaction, but to invert the presumption would be to destroy the reason for it by rewarding a party for not doing that which due diligence would have required him to do. As, in the instant case so far as the record herein discloses, the plaintiff purchased the property in question without any examination or inquiry as to the state of the record title and without any actual reliance upon the fact which it would have disclosed had such examination been made. To indulge in a presumption that he did these things would be to substitute the presumption for

proofs, which it was his duty and fully within his power to produce if they existed; and if they did not exist, to permit the presumption to furnish the foundation for a wrong. We find no merit, therefore, in this contention on appellant's behalf. The foregoing views render unnecessary a consideration of the question argued elaborately in the briefs of respective counsel as to whether the subsequent purchasers and encumbrancers under the trustees' deed from McQuarrie were *bona fide* purchasers and encumbrancers so as not to be affected by the equity asserted by the plaintiff in this action.

The judgment is affirmed.

Shaw, J., Victor E. Shaw, J., *pro tem.*, Wilbur, J., Melvin, J., and Angellotti, C. J., concurred.